IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30083
Conference Calendar
_____

WARREN S. MURPHY,

                                        Plaintiff-Appellant,

versus

CHARLES C. FOTI, Sheriff,
Orleans Parish, JOHN LACOUR,
Warden, and WILLIAM SHORT,
Warden,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. CA-94-3177-I-4
- - - - - - - - - -
June 29, 1995
Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Warren S. Murphy's motion for leave to proceed in forma
pauperis (IFP) is hereby DENIED.  Murphy appeals the entry of
judgment for the defendants in his civil rights action.

    Use of restraining devices by prison officials
"constitute[s] a rational security measure and cannot be
considered cruel and unusual punishment unless great discomfort
is occasioned deliberately as punishment or mindlessly, with

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

indifference to the prisoner's humanity." *Jackson v. Cain*, 864 F.2d 1235, 1243 (5th Cir. 1989). This court recognizes that shackles and restraints are justified by escape risks. *Id*. at 1243-44; *Fulford v. King*, 692 F.2d 11, 14 (5th Cir. 1982). Additionally, "the Eighth Amendment does not require `that the state use the best means available for confining its prisoners.'" *Jackson*, 864 F.2d at 1243 (quoting *Fulford*, 692 F.2d at 14 n.7).

Orleans Parish Prison (OPP) officials legitimately determined that Murphy posed a risk of escape. They were justified in using shackles to restrain Murphy. The magistrate judge found that the shackles did not prohibit Murphy from moving about his cell. Murphy does not challenge the magistrate judge's findings. Under the circumstances, the use of shackles did not constitute mindless imposition of punishment. Nor did it demonstrate indifference to Murphy's humanity. *See Jackson*, 864 F.2d at 1243. Whether OPP officials could have used leather restraints rather than leg irons is irrelevant. They need not have used the most comfortable or least restrictive means available. *Id*. Because Murphy raises no nonfrivolous issues for appeal, his appeal is
DISMISSED.